# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JASON TUCKER,

     Plaintiff,

vs.

STEVEN WOLFSON, *et al*.,

     Defendants.

2:15-cv-1426-APG-VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

This matter involves Jason Tucker's civil-rights action against Las Vegas Metropolitan Police Department Officer John Doe ("Doe"), District Attorney Steven Wolfson ("Wolfson"), and Public Defender Donisha Campbell ("Campbell"). Before the court are Plaintiff Jason Tucker's ("Tucker") Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1). For the reasons stated below, Mr. Tucker's Application to Proceed *In Forma Pauperis* is granted and his complaint should be dismissed with leave to amend.

**I.**   ***Whether Mr. Tucker may proceed* in forma pauperis*?***

The first question the court must address is whether Mr. Tucker may proceed *in forma pauperis*. The court's analysis begins with the governing law.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under

---

[1] Parenthetical citations refer to the court's docket.

1

28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Tucker asserts in his application to proceed *in forma pauperis* that he is currently in custody at the Clark County Detention Center and has been unemployed since 2011. (Doc. #1 at 1). Further, Mr. Tucker notes that he has no source of income. (Doc. #1 at 2). Accordingly, his request to proceed *in forma pauperis* is granted.

## II.    *Whether Mr. Tucker's Complaint States a Plausible Claim for Relief under section 1983?*

Mr. Tucker's filings present a second question: whether his complaint states a plausible claim for relief under 42 U.S.C. § 1983? The court's analysis begins with the governing law.

### A.    Legal Standard

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)  states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are conclusory, "merely consistent with liability," *Id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681; *see also United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them.").

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where an incarcerated *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Additionally, under 42 U.S.C. § 1983, a person may commence a civil action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). "Traditionally, the requirements for relief under [section] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

State officials sued in their official capacity for damages are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, state officials sued in their personal capacity are persons for purposes of section 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

B.    Analysis

Mr. Tucker's complaint states five causes of action against three defendants: he alleges that (1) a Las Vegas Metropolitan Police Department Officer violated his Fifth, Sixth, and Fourteenth Amendment rights; (2) the officer violated his Fourth Amendment rights; (3) the officer violated his Fourth, Fifth, and Fourteenth Amendment rights on a separate occasion; (4) his public defender violated his Sixth Amendment right to effective assistance of counsel; and (5) the district attorney violated his constitutional rights by withholding discovery. Each claim is discussed below.

4

### 1.    *Mr. Tucker's First Claim should be Dismissed with Leave to Amend*

Mr. Tucker first alleges that Las Vegas Metropolitan Police Department officer, John Doe, violated his constitutional rights by failing to Mirandize. He alleges that the officer detained Mr. Tucker for sixty minutes and failed to Mirandize him.

This claim should be dismissed with leave to amend. In order to state a viable section 1983 claim under the Fifth Amendment, a plaintiff must "allege that his exercise of Fifth Amendment rights was used against him." *Pina v. Clarke*, 438 F. App'x 574, 576 (9th Cir. 2011) (citing *Chavez v. Martinez*, 538 U.S. 760, 769 (2003) ("[M]ere coercion does not violate the text of the Self–Incrimination Clause absent use of the compelled statements in a criminal case against the witness.").

Here, the gravamen of Mr. Tucker's claim is that he was arrested, not Mirandized, and not provided with any documentation before trial indicating that he was Mirandize. As pled, this claim fails to state a claim upon which relief can be granted. Therefore, Mr. Tucker's first claim for relief should be dismissed with leave to amend. *Cato*, 70 F.3d at 1106.

### 2.    *Mr. Tucker's Second Claim should be Dismissed with Leave to Amend*

Next, Mr. Tucker alleges that Officer Doe violated his Fourth Amendment right to be free from an unreasonable seizure when the Officer searched a residence Mr. Tucker was staying at without producing evidence that the Officer had obtained a search warrant. This claim should also be dismissed with leave to amend.

Mr. Tucker appears to concede that the Officer lawfully entered the residence he was staying in. *See* (Doc. #1-1 at 7) (alleging that Officers lawfully entered the apartment to investigate a burglary). He complains, however, that the arresting Officer "did not secure in writing . . . any warrant . . . to prove that myself [*sic*] was a suspect in a burglary." (*Id.*) This allegation does not state a claim upon which relief can be granted.

5

A police officer does not require an arrest warrant to arrest a person in his or her home if the facts known to the officer provide the officer with probable cause to believe that a person has committed a crime. *See United States v. Struckman*, 603 F.3d 731, 740 (9th Cir. 2010) (*United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984)). Additionally, if a police officer enters a home pursuant to a lawful search warrant, the officer may detain the home's occupants for a limited amount of time in order to ascertain their identities and conduct a protective sweep. *Michigan v. Summers*, 452 U.S. 692, 705 (1981).

Based on the allegations in Mr. Tucker's complaint, the Officer appears to have complied with these principles. Mr. Tucker states that he was detained when the Officer entered the home while investigating a burglary. (Doc. #1-1 at 7). Mr. Tucker does not allege that the Officer detained him for an unreasonably long duration or that the Officer lacked a reasonable basis to subject him to a limited detention under *Summers* or a warrantless arrest based, not on a warrant, but upon probable cause.

Therefore, Mr. Tucker's second claim for relief should be dismissed with leave to amend. *Cato*, 70 F.3d at 1106. If Mr. Tucker elects to proceed with these action, he should allege facts showing that the Officer lacked a reasonable basis to arrest him.

### 3.    Mr. Tucker's Third Claim should be Dismissed

Mr. Tucker's third claim for relief alleges that he was unlawfully arrested because the Officer discovered an active arrest warrant for Mr. Tucker after mistakenly detaining him on suspicions of burglary and failed to present him with a copy of the search warrant. (Doc. #1-1 at 8). He further alleges that the arrest warrant was not produced in discovery during his criminal prosecution and that, if it were produced, he would have been acquitted "on that technicality." (*Id.*)

This claim should also be dismissed. There is no requirement in the Fourth Amendment that a police officer serve an arrested person with a copy of an arrest warrant—and Mr. Tucker points to none. Additionally, a section 1983 claim is not the proper vehicle to challenge Mr. Tucker's conviction in state

6

court. If Mr. Tucker believes that he should have been acquitted "on [a] technicality" because of a discovery violation, he may commence a *habeas corpus* action in the appropriate forum.

### 4.  Mr. Tucker's Fourth Claim should be Dismissed

Next, Mr. Tucker alleges that Donisha Campbell, his public defender, violated his constitutional rights through ineffective assistance of counsel. (Doc. #1-1 at 9.) This claim should be dismissed.

Public defenders do not act under color of law for section 1983 purposes when acting as an advocate. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981). Thus, a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant. *Georgia v. McCollum*, 505 U.S. 42, 54 (1992).

Here, Mr. Tucker attempts to state a claim against Ms. Campbell for actions she took in her role as his advocate. (Doc.# 1-1 at 9). Ms. Campbell does not qualify as a state actor because she was engaged in general representation of Mr. Tucker and is shielded from suit through qualified immunity. Therefore, this claim fails as a matter of law.

A section 1983 claim is not the proper vehicle to challenge Ms. Campbell's representation. If Mr. Tucker believes that Ms. Campbell failed to provide him with effective assistance of counsel, he may commence a *habeas corpus* action in the appropriate forum.

### 5.  Mr. Tucker's Fifth Claim should be Dismissed

Finally, Mr. Tucker's complaint alleges that District Attorney Steve Wolfson acted with "deliberate indifference with conspiratorial means and opportunity in trying to cover his paper trail." (Doc.# 1-1 at 2). This claim should also be dismissed.

The gravamen of Mr. Tucker's fifth claim for relief is that Mr. Wolfson wrongly withheld Mr. Tucker's arrest warrant during discovery. As discussed above, a section 1983 claim is not the proper vehicle to challenge Mr. Tucker's conviction in state court.

Additionally, district attorneys are generally immune from suit. *See KRL v. Moore*, 384 F.3d 1105, 1112 (9th Cir. 2004). A prosecutor is entitled to absolute immunity from a civil action for damages when he or she performs a function that is intimately associated with the judicial phase of the criminal process. *Id.* at 1105. As a result, this claim should be dismissed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (Doc.#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint (#1).

IT IS RECOMMENDED that Mr. Tucker's FIRST and SECOND claims be dismissed with leave to amend.

IT IS FURTHER RECOMMENDED that Mr. Tucker's THIRD, FOURTH, and FIFTH claims be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the District Judge set a DEADLINE to file an amended complaint, in the event that this report and recommendation is adopted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

        DATED this 9th day of November, 2015.

                             _____

                             CAM FERENBACH
                             UNITED STATES MAGISTRATE JUDGE

9